# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD JANKOWSKI, Derivatively on Behalf of Nominal Defendant BECTON, DICKINSON AND COMPANY, <br><br> Plaintiff, <br> v. <br><br> VINCENT A. FORLENZA, THOMAS E. POLEN, CHRISTOPHER R. REIDY, CATHERINE M. BURZIK, R. ANDREW ECKERT, CLAIRE M. FRASER, JEFFREY W. HENDERSON, CHRISTOPHER JONES, MARSHALL O. LARSEN, DAVID F. MELCHER, CLAIRE POMEROY, REBECCA W. RIMEL, TIMOTHY M. RING, and BERTRAM L. SCOTT, <br><br> Defendants, <br><br> and <br><br> BECTON, DICKINSON AND COMPANY, <br><br> Nominal Defendant. | Case No. 2:20-cv-15474-SRC-CLW <br><br> **STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING CO-LEAD COUNSEL** |
| JEFF SCHRANZ, Derivatively on Behalf of BECTON, DICKINSON AND COMPANY, <br><br> Plaintiff, <br> v. <br><br> THOMAS E. POLEN, CHRISTOPHER R. REIDY, and VINCENT A. FORLENZA, <br><br> Defendants, <br><br> and <br><br> BECTON, DICKINSON AND COMPANY, <br><br> Nominal Defendant. | Case No. 2:21-cv-01081-SRC-CLW |

WHEREAS, plaintiffs Ronald Jankowski and Jeff Schranz (together, "Plaintiffs") each sent litigation demands to the board of directors (the "Board") of nominal defendant Becton, Dickinson and Company (the "Company" or "Nominal Defendant") to commence an inquiry into allegations of corporate mismanagement (the "Demands");

WHEREAS, on November 2, 2020, Plaintiff Jankowski filed his verified shareholder derivative complaint against defendants Vincent A. Forlenza ("Forlenza"), Thomas E. Polen ("Polen"), Christopher R. Reidy ("Reidy"), Catherine M. Burzik, R. Andrew Eckert, Claire M. Fraser, Jeffrey W. Henderson, Christopher Jones, Marshall O. Larsen, David F. Melcher, Claire Pomeroy, Rebecca W. Rimel, Timothy M. Ring, and Bertram L. Scott (collectively, "Defendants") on behalf of the Company (the "*Jankowski* Action");

WHEREAS, on November 25, 2020, the Court entered a stipulated Order staying the *Jankowski* Action pending a formal response by the Board responding to Plaintiff Jankowski's Demand (*see* Dkt. No. 4);

WHEREAS, on January 24, 2021, Plaintiff Schranz filed his verified shareholder derivative complaint against defendants Polen, Reidy, and Forlenza (the "*Schranz* Action," and together with the *Jankowski* Action, the "Actions");

WHEREAS, Plaintiffs agree that the Actions allege substantially similar facts and legal contentions and that the administration of justice would be best served by consolidating the Actions and appointing Co-Lead Counsel as set forth herein;

WHEREAS, without waiving any rights, arguments or defenses, Defendants agree that the Actions should be consolidated and take no position regarding appointment of Co-Lead Counsel;

WHEREAS, this stipulation is not a waiver of any of the parties' rights, remedies, claims, or defenses;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel, subject to the approval of the Court, as follows:

1. The stay of proceedings ordered in the *Jankowski* Action on November 25, 2020 ("Stay Order") is temporarily lifted for the sole and limited purpose of the filing of, and ruling on, this Stipulation and [Proposed] Order.

2. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, and are referred to herein as the "Consolidated Action."

3. Except as set forth in paragraph 1 of this Order the Consolidated Action, including the *Schranz* Action, is hereby subject to the Stay Order.

4. The file in *Jankowski v. Forlenza, et al.*, Case No. 2:20-cv-15474, shall constitute the Master File for every action in the Consolidated Action.  When the document being filed pertains to all actions, the phrase "This Documents Relates to All Actions" shall be placed on the cover page.  When a pleading applies only to some, not all, of the actions, the document shall list on the cover page the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5. Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

| IN RE BECTON, DICKINSON AND COMPANY STOCKHOLDER DERIVATIVE LITIGATION | Master File No. 2:20-cv-15474 |
|---|---|

6. Glancy Prongay & Murray LLP ("GPM") and Robbins LLP ("Robbins") are designated Co-Lead Counsel for Plaintiffs in the Consolidated Action. Plaintiffs contend that their counsel, GPM and Robbins, are well-qualified to coordinate prosecution of the claims they assert derivatively on behalf of the Company. *See* Firm Résumés attached hereto as Exhibits A & B. Defendants take no position with respect to the qualifications or appointment of lead counsel for Plaintiffs.

7. Co-Lead Counsel shall represent Plaintiffs in the prosecution of the Consolidated Action, determine and present to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial negotiations, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of the Plaintiffs the initiation and conduct of discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court. Defendants' counsel may rely on all agreements made with either of Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

8. Schnader Harrison Segal & Lewis LLP and Herman Jones LLP are designated as Plaintiffs' Co-Liaison Counsel in this Consolidated Action. Plaintiffs' Co-Liaison Counsel shall perform all tasks expected of New Jersey counsel, including ensuring timely and appropriate filings and communications with the Court.

9. The Parties to this Stipulation agree that it would be duplicative and wasteful of the Court's resources for any Defendant who has been properly served, has agreed to accept service, or who is properly served in the future to have to respond whether by answer or motion

to the individual complaints before a consolidated complaint is filed in the Consolidated Action. Therefore, the Parties to this Stipulation agree that any Defendant who has been properly served, has agreed to accept service, or who is properly served in the future, need only respond, plead, move, or answer with respect to any consolidated complaint filed in the Consolidated Action or to any other related complaints that are subsequently assigned or transferred to this Court ("Related Complaints").  Plaintiffs shall be permitted to file consolidated complaint notwithstanding the stay, but no Defendant shall be required to respond, plead, move, or answer with respect to any Related Complaints or any consolidated complaint during the pendency of the Stay Order.  To the extent that any Defendant now named in any of the existing complaints filed in the Consolidated Action is not named in the consolidated complaint, the claims against such Defendant shall be deemed dismissed without prejudice.  Any pleading filed or served in one of the underlying actions shall become part of the Consolidated Action.

10. All shareholder derivative actions that are pending or are subsequently filed in, or transferred to, this Court arising out of the same or similar transactions and occurrences shall be consolidated into this Consolidated Action, and this Joint Stipulation and Order and the Stay Order shall apply to each such shareholder derivation action.  Co-Lead Counsel shall notify the Court of the filing or transfer of any such shareholder derivative action and ensure that that counsel therein receive notice of this Stipulation and Order.  Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all shareholder derivative actions instituted herein.  A party objecting to such consolidation, or to any other provisions of this Stipulation Order, must file an application for relief from this Stipulation and Order within ten (10) days after the date on which a copy of this Stipulation and Order is sent to the party's counsel by Co-Lead Counsel.

11. This Stipulation and Order is entered without prejudice to the rights of any party to apply for severance of any claim or action; with good cause shown.

Dated: February 4, 2021

By: */s/Lisa J. Rodriguez*
**SCHNADER HARRISON SEGAL & LEWIS LLP**
Lisa J. Rodriguez
220 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
Telephone: (856) 482-5741
Email: ljrodriguez@schnader.com


By: */s/Serina M. Vash*
**HERMAN JONES LLP**
Serina M. Vash
153 Central Avenue #131
Westfield, NJ 07090
Telephone: (404) 504-6516
Facsimile: (404) 504-6501
Email: svash@hermanjones.com

*Proposed Co-Liaison Counsel for Plaintiffs*

**GLANCY PRONGAY & MURRAY LLP**
Matthew M. Houston
Benjamin I. Sachs-Michaels
712 Fifth Avenue
New York, New York 10019
Telephone: (212) 935-7400
E-mail: mhouston@glancylaw.com
bsachsmichaels@glancylaw.com

-and-

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
E-mail: rprongay@glancylaw.com
prajesh@glancylaw.com

5

*Counsel for Plaintiff Ronald Jankowski*

**ROBBINS LLP**
Brian J. Robbins
Craig W. Smith
Shane P. Sanders
Emily R. Bishop
5040 Shoreham Place
San Diego, California 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Counsel for Plaintiff Jeff Schranz*

**McCARTER & ENGLISH LLP**
Richard Hernandez
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: 973-848-8615
Email: rhernandez@mccarter.com

*Co-Counsel for Nominal Defendant Becton, Dickinson and Company and Defendants Vincent A. Forlenza, Thomas E. Polen, Christopher R. Reidy, Catherine M. Burzik, R. Andrew Eckert, Claire M. Fraser, Jeffrey W. Henderson, Christopher Jones, Marshall O. Larsen, David F. Melcher, Claire Pomeroy, Rebecca W. Rimel, Timothy M. Ring, and Bertram L. Scott*

Dated: February 4, 2021

By: */s/Matthew DiRisio*
**WINSTON & STRAWN LLP**
James P. Smith III
Matthew DiRisio
200 Park Avenue
New York, NY 10166
Telephone: 212-294-6700
Email: jpsmith@winston.com
         mdirisio@winston.com

6

*Co-Counsel for Nominal Defendant Becton, Dickinson and Company and Defendants Vincent A. Forlenza, Thomas E. Polen, Christopher R. Reidy, Catherine M. Burzik, R. Andrew Eckert, Claire M. Fraser, Jeffrey W. Henderson, Christopher Jones, Marshall O. Larsen, David F. Melcher, Claire Pomeroy, Rebecca W. Rimel, Timothy M. Ring, and Bertram L. Scott*

IT IS SO ORDERED THIS _____ DAY OF _____, 2021.

_____
HONORABLE STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE

7