**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE BECTON, DICKINSON AND COMPANY STOCKHOLDER DERIVATIVE LITIGATION | Master File No. 2:20-cv-15474-SRC-CLW<br><br>**PRELIMINARY APPROVAL ORDER** |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, the above-captioned stockholder derivative action is pending before the Court (the "Consolidated Federal Derivative Action");

WHEREAS, lead plaintiffs in the Consolidated Federal Derivative Action, Ronald Jankowski and Jeff Schranz (the "Federal Derivative Plaintiffs"), having moved for an order: (i) preliminarily approving the proposed settlement of the Derivative Actions in accordance with the Stipulation of Settlement, dated June 5, 2025 (the "Stipulation" or "Settlement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions of the proposed settlement and dismissal of the Consolidated Federal Derivative Action with prejudice; (ii) setting a date for a hearing to finally approve the Settlement; and (iii) approving the dissemination of the Notice of Pendency and Proposed Settlement of Stockholder Action (the "Notice") and Summary Notice of Pendency and Proposed Settlement of Stockholder Action (the "Summary Notice");

WHEREAS, all capitalized terms contained herein shall have the same meaning as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto, the motion for preliminary approval of the Settlement, and arguments of the Parties made in connection therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court hereby preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Consolidated Federal Derivative Action.

2. A hearing (the "Settlement Hearing") shall be held in this Court on **August 11, 2025**, at **10 a.m.**, before the Honorable U.S. District Judge Stanley R. Chesler

of the U.S. District Court for the District of New Jersey, in Courtroom PO No. 2 at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Newark, NJ 07102, to determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Becton, Dickinson and Company ("BD" or the "Company") and its stockholders and should be approved by the Court; whether the [Proposed] Final Judgment and Order of Dismissal should be entered herein; and whether to approve the Fee and Expense Amount to Plaintiffs' Counsel and Service Awards to Plaintiffs.

3. The Court approves, as to form and content, the Notice annexed as Exhibit B-1 hereto and the Summary Notice annexed as Exhibit B-2 hereto and finds that the publication of the Notice, Summary Notice, and Stipulation, substantially in the manner and form set forth in this Order, meets the requirements of pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than ten (10) business days following the entry of this Preliminary Approval Order, BD shall publish the Summary Notice once in *Investor's Business Daily* or similar online publication; post the Notice and Stipulation (including exhibits) on the "Investor Relations" portion of the Company's website; and file with the U.S. Securities and Exchange Commission a Current Report on Form 8-K attaching the Notice.

5. BD shall be responsible for providing notice of the Settlement and any and all costs associated therewith.

6. Defendants shall file with the Court an appropriate affidavit or declaration with respect to the filing and publication of the Notice and Summary Notice to the Company's stockholders at least thirty (30) days prior to the Settlement Hearing.

7. The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Parties consistent with the Settlement, without further notice to BD stockholders; (ii) the right to continue or adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to BD stockholders, and may decide to approve the Settlement without a hearing and without further notice to BD stockholders or move the Settlement Hearing to Zoom or another similar virtual platform without further notice to BD stockholders.

8. Not later than twenty-one (21) calendar days prior to the Settlement Hearing, the Plaintiffs shall file papers with the Court in support of the Settlement and Fee and Expense Amount, including the Service Awards.

9. Any BD stockholder may appear and show cause, at their own expense, individually or through counsel, if he, she, or it has any reason why the Settlement embodied in the Stipulation should or should not be entered hereon, or the Fee and Expense Amount (including any Service Awards) should not be awarded. However, no BD stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that BD stockholder has: (1) filed with the Clerk of the Court, and served on counsel as noted below, a written objection setting forth (a) a written notice of objection with the person's name, address, and telephone number, along with a representation as to whether such person intends to appear at the Settlement Hearing, (b) competent evidence that such person currently holds shares of BD common stock, (c) a statement of objections to any matters before the Court, the grounds therefor, or the reasons for such person desiring to appear and be heard, as well as all documents or writings such person desires the Court to consider, (d) proof of service; and (e) the identities of any cases (by name and court) in which the objector or his, her, or its

attorney, if any, has objected to a settlement in the last three (3) years; and (2) if a BD stockholder intends to and requests to be heard at the Settlement Hearing, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement indicating the basis for such appearance; and (c) any and all evidence proposed to be presented at the Settlement Hearing.

10. If any such Current BD Stockholder intends to appear and requests to be heard at the Settlement Hearing, then at least fourteen (14) calendar days prior to the Settlement Hearing, any such person must file the written objection(s) and corresponding materials, and a notice of intent to appear with the Clerk of the U.S. District Court for the District of New Jersey, in Courtroom PO No. 2 at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Newark, NJ 07102, and serve such materials by that date, on each of the following Parties' counsel:

**Counsel for Plaintiff Jeff Schranz and Co-Lead Counsel for Plaintiffs in the Consolidated Federal Derivative Action**
ROBBINS LLP
BRIAN J. ROBBINS
CRAIG W. SMITH
SHANE P. SANDERS
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
csmith@robbinsllp.com
ssanders@robbinsllp.com

**Counsel for Plaintiff Ronald Jankowski and Co-Lead Counsel for Plaintiffs in the Consolidated Federal Derivative Action**
GLANCY PRONGAY & MURRAY LLP
BENJAMIN I. SACHS-MICHAELS
MATTHEW M. HOUSTON
745 Fifth Avenue, Fifth Floor
New York, NY 10151
Telephone: (212) 935-7400

Facsimile: (212) 756-3630
Email: bsachsmichaels@glancylaw.com
       mhouston@glancylaw.com

-and-

ROBERT V. PRONGAY
PAVITHRA RAJESH
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
       prajesh@glancylaw.com

**Counsel for Plaintiff Ronald Jankowski and Co-Liaison Counsel for Plaintiffs in the Consolidated Federal Derivative Action**
DILWORTH PAXSON LLP
LISA J. RODRIGUEZ
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102
Tel: (856) 675-1926
Email: lrodriguez@dilworthlaw.com

**Counsel for Plaintiff Jeff Schranz and Co-Liaison Counsel for Plaintiffs in the Consolidated Federal Derivative Action**
HERMAN JONES LLP
SERINA M. VASH
153 Central Avenue #131
Westfield, NJ 07090
Telephone: (404) 504-6516
Facsimile: (404) 504-6501
Email: svash@hermanjones.com

**Counsel for Nominal Defendant Becton, Dickinson and Company and Defendants Vincent A. Forlenza, Thomas E. Polen, Christopher R. Reidy, Catherine M. Burzik, R. Andrew Eckert, Claire M. Fraser, Jeffrey W. Henderson, Christopher Jones, Marshall O. Larsen, David F. Melcher, Claire Pomeroy, Rebecca W. Rimel, Timothy M. Ring, and Bertram L. Scott**
WINSTON & STRAWN LLP
JAMES P. SMITH III
MATTHEW DIRISIO
200 Park Avenue

      New York, New York 10166
      Tel: (212) 294-6700
      Email: jpsmith@winston.com
           mdirisio@winston.com

      McCARTER & ENGLISH LLP
      MATTHEW A. SKLAR
      Four Gateway Center
      100 Mulberry Street
      Newark, New Jersey 07102
      Tel: (973) 624-4444
      Email: msklar@mccarter.com

11.    Only Current BD Stockholders who have filed with the Court and served on the Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing, unless the Court orders otherwise.

12.    Any BD stockholder who does not make an objection in the manner provided herein shall be deemed to have waived any such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, unless otherwise ordered by the Court, and shall in all respects be bound by the Judgment to be entered and the releases to be given.

13.    Plaintiffs' Lead Counsel and Defendants' counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession.

14.    Not later than seven (7) calendar days prior to the Settlement Hearing the Parties' responses to objections, if any, shall be served and filed.

15.    All proceedings in the Consolidated Federal Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

16. Pending final determination of whether the Settlement should be approved, no BD stockholder, either directly, representatively, or in any other capacity, shall commence, prosecute, instigate, maintain, seek to investigate or in any way participate in the commencement or prosecution against any of the Released Defendant Parties any action or proceeding in any court or tribunal relating to any of the Released Claims or challenging the Settlement in any manner other than as provided in this Order.

17. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current BD Stockholders, and retains exclusive jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current BD Stockholders.

18. Neither the Stipulation, nor the Settlement, nor the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or the Term Sheet: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties or Released Defendant Parties, or of the validity of any Released Claims; nor (ii) shall be admissible, offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, except that the Released Defendant Parties may file the Stipulation and the Judgment, if any, in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**SO ORDERED:**

DATED: 6/9/25

BY ORDER OF THE COURT
HONORABLE STANLEY R. CHESLER

8